# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON E. PELLUM, Sr., | Case No. 1:14-cv-01082-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| v. | **(ECF No. 1)** |
| JONATHAN SKILES, | **CLERK TO CLOSE CASE** |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. He has not paid the $400.00 filing fee or submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The in forma pauperis statutes provide that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S.Ct. 1937, 1949 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal–Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 677-78. While factual allegations are accepted as true, legal conclusion are not. *Iqbal*, 129 S.Ct. at 1949.

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

## III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendant Fresno County Superior Court Judge Jonathan Skiles.

Plaintiff's pleading is difficult to understand. Apparently he was arrested and

appeared before Judge Skiles at a June 19, 2014 preliminary hearing. Plaintiff contends the charges against him are false. He claims Judge Skiles was improperly motivated when ruling on his motions.

Plaintiff seeks relief from the false charges, monetary damages and a witness protection program order.

**IV.   DISCUSSION**

**A.   Judicial Immunity**

"Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); see also *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008).

A state court judge is unqualifiedly immune from suits for damages arising from his or her judicial acts. *Sparks v. Duval County Ranch Co., Inc.*, 604 F.2d 976, 978-80 (5th Cir. 1979); see also *Serrano v. People of State of Cal.*, 361 F.2d 474, (9th Cir. 1966) (the Superior Court of California is immune from suit under § 1983).

"To determine if a given action is judicial . . . , courts [should] focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman*, 793 F.2d at 1075-76.

Plaintiff claims Defendant engaged in judicial misconduct and improperly ruled on

3

motions. However, Judge Skiles is absolutely immune for the complained of actions. See *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judges retain their immunity when they are accused of acting maliciously or corruptly); *Ashelman*, 793 F.2d at 1077 (judges retain immunity when acting in error).

Plaintiff does not allege facts demonstrating Defendant acted beyond his jurisdiction as a state court judge or acted non-judicially.

### B. *Heck* Bar – Improper Incarceration

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. 28 U.S.C. § 2254; *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Young v. Kenny*, 907 F.2d 874, 876 (9th Cir. 1990); *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

In this case Plaintiff appears to challenge the legality of his custody by complaining he was falsely charged and also denied a fair preliminary hearing. Success on such a claim would necessarily imply the invalidity of his custody and continued incarceration.

Plaintiff cannot challenge his custody in a civil rights action. *Heck*, 512 U.S. at 489–90. Plaintiff's sole remedy is in habeas corpus. *Id.* at 487. Leave to amend this claim would be futile at this juncture and is denied. See *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him).

### C. State Criminal Proceedings

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. See

*Younger v. Harris*, 401 U.S. 37, 43–54 (1971).

Accordingly, the Court will abstain from interfering with Plaintiff's ongoing state criminal proceeding.

## V.    CONCLUSIONS AND ORDER

Defendant is entitled to judicial immunity from suit from damages and Plaintiff's § 1983 claims are barred by *Heck* and *Younger*. Leave to amend at this juncture would be futile.

Accordingly, it is HEREBY ORDERED that:

1. The action is DISMISSED without prejudice, and
2. The Clerk shall terminate pending motion(s) and close the case.

IT IS SO ORDERED.

Dated:   July 22, 2014                        /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

5